IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02041-BNB

JOSE AMADO DIAZ-GALLEGOS,

Applicant,

v.

MILRED L. RIVERA, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Jose Amado Diaz-Gallegos, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Estill Federal Correctional Institution in Estill, South Carolina. Mr. Diaz-Gallegos initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

The Court must construe Mr. Diaz-Gallegos' filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

On August 28, 2008, Mr. Diaz-Gallegos pled guilty to one count of Unlawful Re-Entry of a Deported Alien Subsequent to Conviction for Commission of an Aggravated Felony in the United States District Court for the District of Colorado. See *United*

*States of America v. Jose Amado Diaz-Gallegos*, 08-cr-00015-LTB. On November 14, 2008, he was sentenced to 87 months in the custody of the Bureau of Prisons. Mr. Diaz-Gallegos did not file a direct appeal, nor has he filed a motion under 28 U.S.C. § 2255.

In the Application, Mr. Diaz-Gallegos asserts three claims: (1) he was denied effective assistance of counsel because his attorney failed to inform him of all possible defenses to the charge and failed to research the law before Mr. Diaz-Gallegos entered his plea; (2) Mr. Diaz-Gallegos was denied effective assistance of counsel because his attorney was "in collusion" with the prosecutor and provided him erroneous legal advise; and (3) the sentencing court committed reversible error when it enhanced his sentence based on an aggravated felony conviction.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).

A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

To the extent that Mr. Diaz-Gallegos may be attacking the execution of his sentence pursuant to 28 U.S.C. § 2241, this Court lacks jurisdiction over such claims because a § 2241 application "must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. Mr. Diaz-Gallegos is currently confined in South Carolina. However, it is clear from the Application that Mr. Diaz-Gallegos is attacking his federal conviction, and the Court's records indicate that he has not previously filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For Mr. Diaz-Gallegos to pursue these claims, he must do so through a Motion under § 2255 filed in the underlying criminal action. Because it is apparent that Mr. Diaz-Gallegos wishes to assert claims attacking his federal conviction, the Court will direct the Clerk of the Court to file the § 2241 Application as a Motion under § 2255 in Mr. Diaz-Gallegos' criminal case, 08-cr-00015-LTB. This § 2241 action will be dismissed without prejudice. Accordingly, it is

ORDERED that the 28 U.S.C. § 2241 amended application is denied and the action dismissed without prejudice. It is

FURTHER ORDERED that the Clerk of the Court shall file the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 4) in the associated criminal matter, 08-cr-00015-LTB-1 and open it as a Motion filed under 28 U.S.C. § 2255.

DATED at Denver, Colorado, this 23rd day of September, 2010.

BY THE COURT:

S/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02041-BNB

Jose Amado Diaz-Gallegos
Reg No. 35746-013
FCI - Estill
P.O. Box 699
Estill, SC 29918-0699

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **9/23/10**

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk